UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**23-20173-CR-MOORE/LOUIS**
CASE NO. _____

18 U.S.C. § 371
18 U.S.C. § 112(a)
18 U.S.C. § 1201(a)(4)
18 U.S.C. § 1201(c)

FILED BY ___KAN___ D.C.

Apr 20, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES OF AMERICA

vs.

JEFFERSSON ARANGO CASTELLANOS,
    a/k/a "Harry Potter,"
KENNY JULIETH URIBE CHIRAN, and
PEDRO JOSE SILVA OCHOA,
    a/k/a "Tata,"

    Defendants.
_____/

**INDICTMENT**

The Grand Jury charges that:

**GENERAL ALLEGATIONS**

At all times material to this Indictment:

1.      L.G. and E.L. were active duty members of the U.S. military present in Bogota, Colombia, as part of their official duties, and each of them was considered an internationally protected person as defined by 18 U.S.C. § 112(c), § 1201(a)(4), and § 1116(b).

2.      The United States has jurisdiction over this criminal offense pursuant to 18 U.S.C. § 112(e) and § 1201(e) because L.G. and E.L. were internationally protected persons and representatives, officers, employees, or agents of the United States.

## COUNT 1
### Conspiracy to Kidnap an Internationally Protected Person
### 18 U.S.C. § 1201(c)

1. Paragraphs 1 and 2 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. Beginning on or about March 5, 2020, through on or about March 6, 2020, in Bogota, Colombia, the defendants,

**JEFFERSSON ARANGO CASTELLANOS,**
a/k/a "HARRY POTTER,"
**KENNY JULIETH URIBE CHIRAN, and**
**PEDRO JOSE SILVA OCHOA,**
a/k/a "TATA,"

did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury to unlawfully seize, confine, kidnap, abduct, and carry away and hold an internationally protected person, as defined in Title 18, United States Code, Section 1116(b), that is, L.G. and E.L., for reward and otherwise, that is, for money and for credit and debit card information, in violation of Title 18, United States Code, Section 1201(a)(4).

### PURPOSE OF THE CONSPIRACY

3. It was the purpose of the conspiracy for the defendants and their co-conspirators to unjustly enrich themselves by, among other things: (a) targeting individuals in Bogota, Colombia; (b) incapacitating, intoxicating, or otherwise rendering defenseless the individuals with drugs or alcohol, including by using benzodiazepines; (c) kidnapping, seizing, abducting, holding, and carrying away the individuals; (d) stealing the individuals' possessions and valuables, and obtaining their credit and debit card information; and (e) using the stolen possessions, valuables, and information for the personal benefit of the defendants and their co-conspirators as well as the benefit of others.

## MANNER AND MEANS

The manner and means that the defendants used to achieve the purpose and object of the conspiracy included, among others, the following:

4. **JEFFERSSON ARANGO CASTELLANOS, KENNY JULIETH URIBE CHIRAN, PEDRO JOSE SILVA OCHOA**, and their co-conspirators would visit high-end or entertainment neighborhoods or areas of Bogota, Colombia, and identify potential targets.

5. After identifying potential targets, including L.G. and E.L., **JEFFERSSON ARANGO CASTELLANOS** would incapacitate, intoxicate, and otherwise render defenseless the targets by drugging them.

6. Once the targeted individuals were incapacitated, intoxicated, and rendered defenseless, **JEFFERSSON ARANGO CASTELLANOS, KENNY JULIETH URIBE CHIRAN, PEDRO JOSE SILVA OCHOA**, and their co-conspirators would kidnap, seize, abduct, hold, and carry away the targets, and then steal their possessions and valuables, and obtain their credit and debit card information.

7. **JEFFERSSON ARANGO CASTELLANOS, KENNY JULIETH URIBE CHIRAN, PEDRO JOSE SILVA OCHOA**, and their co-conspirators would utilize the individuals' stolen credit and debit cards, and credit and debit card information, to withdraw money from ATMs throughout Bogota, Colombia, purchase goods, and execute transactions on the stolen cards.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects and purpose thereof, at least one of the co-conspirators committed, and caused to be committed, at least one of the following overt acts, among others:

1. On or about March 5, 2020, **JEFFERSSON ARANGO CASTELLANOS, KENNY JULIETH URIBE CHIRAN,** and **PEDRO JOSE SILVA OCHOA** went to the Zona T area in Bogota, Colombia.

2. On or about March 5, 2020, **JEFFERSSON ARANGO CASTELLANOS** and **KENNY JULIETH URIBE CHIRAN** entered the "Colombian Pub."

3. Between on or about March 5, 2020, and on or about March 6, 2020, **JEFFERSSON ARANGO CASTELLANOS** incapacitated, intoxicated, and otherwise rendered defenseless L.G. and E.L. by placing a drug in their drinks.

4. On or about March 6, 2020, **JEFFERSSON ARANGO CASTELLANOS** and **KENNY JULIETH URIBE CHIRAN** escorted L.G. and E.L. out of the "Colombian Pub."

5. Outside the "Colombian Pub," with L.G. incapacitated, intoxicated, and having been rendered defenseless through the administration of drugs, **KENNY JULIETH URIBE CHIRAN** touched, held, handled, and walked with L.G.

6. On or about March 6, 2020, **JEFFERSSON ARANGO CASTELLANOS** and **KENNY JULIETH URIBE CHIRAN** escorted L.G. and E.L into a car driven by **PEDRO JOSE SILVA OCHOA.**

7. On or about March 6, 2020, using E.L.'s debit card ending in 4072, **JEFFERSSON ARANGO CASTELLANOS** withdrew money from E.L.'s account ending in 1674.

4

8. On or about March 6, 2020, **JEFFERSSON ARANGO CASTELLANOS** and **KENNY JULIETH URIBE CHIRAN** made a purchase using L.G.'s American Express credit card ending in 1005.

9. On or about March 6, 2020, with L.G. incapacitated, intoxicated, and having been rendered defenseless through the administration of drugs, **JEFFERSSON ARANGO CASTELLANOS** touched, held, picked up, and escorted L.G. onto a sidewalk, leaving him on the side of the road.

All in violation of Title 18, United States Code, Section 1201(c).

## COUNT 2
### Kidnapping
### 18 U.S.C. § 1201(a)(4)

1. Paragraphs 1 and 2 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. Beginning on or about March 5, 2020, through on or about March 6, 2020, in Bogota, Colombia, the defendants,

**JEFFERSSON ARANGO CASTELLANOS,**
a/k/a "HARRY POTTER,"
**KENNY JULIETH URIBE CHIRAN, and**
**PEDRO JOSE SILVA OCHOA,**
a/k/a "TATA,"

did willfully and unlawfully seize, confine, kidnap, abduct, and carry away and hold an internationally protected person, as defined in Title 18, United States Code, Section 1116(b), that is, L.G., for reward and otherwise, that is, for money and for credit and debit card information, in violation of Title 18, United States Code, Section 1201(a)(4).

## COUNT 3
### Kidnapping
### 18 U.S.C. § 1201(a)(4)

1.	Paragraphs 1 and 2 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.	Beginning on or about March 5, 2020, through on or about March 6, 2020, in Bogota, Colombia, the defendants,

**JEFFERSSON ARANGO CASTELLANOS,**
a/k/a "HARRY POTTER,"
**KENNY JULIETH URIBE CHIRAN, and**
**PEDRO JOSE SILVA OCHOA,**
a/k/a "TATA,"

did willfully and unlawfully seize, confine, kidnap, abduct, and carry away and hold an internationally protected person, as defined in Title 18, United States Code, Section 1116(b), that is, E.L., for reward and otherwise, that is, for money and for credit and debit card information, in violation of Title 18, United States Code, Section 1201(a)(4).

## COUNT 4
### Conspiracy to Assault an Internationally Protected Person
### 18 U.S.C. § 371

1.	Paragraphs 1 and 2 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.	Beginning on or about March 5, 2020, through on or about March 6, 2020, in Bogota, Colombia, the defendants,

**JEFFERSSON ARANGO CASTELLANOS,**
a/k/a "HARRY POTTER,"
**KENNY JULIETH URIBE CHIRAN, and**
**PEDRO JOSE SILVA OCHOA,**
a/k/a "TATA,"

did knowingly and intentionally combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury to commit an offense against the United

States, that is, to assault internationally protected persons, as defined in Title 18, United States Code, Section 1116(b), that is, L.G. and E.L., in violation of Title 18, United States Code, Section 112(a).

## PURPOSE OF THE CONSPIRACY

3. It was the purpose of the conspiracy for the defendants and their co-conspirators to target individuals in Bogota, Colombia, and incapacitate, intoxicate, or otherwise render defenseless the individuals with drugs or alcohol, including by using benzodiazepines, in order to steal their possessions and valuables, and obtain their credit and debit card information, for the personal benefit of the defendants and their co-conspirators as well as the benefit of others.

## MANNER AND MEANS

The manner and means that the defendants used to achieve the purpose and object of the conspiracy included, among others, the following:

4. **JEFFERSSON ARANGO CASTELLANOS, KENNY JULIETH URIBE CHIRAN, PEDRO JOSE SILVA OCHOA**, and their co-conspirators would visit high-end or entertainment neighborhoods or areas of Bogota, Colombia, and identify potential targets.

5. After identifying potential targets, including L.G. and E.L., **JEFFERSSON ARANGO CASTELLANOS** would incapacitate, intoxicate, and otherwise render defenseless the targets by drugging them.

6. Once the targeted individuals were incapacitated, intoxicated, and rendered defenseless, **JEFFERSSON ARANGO CASTELLANOS, KENNY JULIETH URIBE CHIRAN, PEDRO JOSE SILVA OCHOA**, and their co-conspirators would touch, handle, and hold the individuals, and then steal their possessions and valuables, and obtain their credit and debit card information.

7

7. **JEFFERSSON ARANGO CASTELLANOS, KENNY JULIETH URIBE CHIRAN, PEDRO JOSE SILVA OCHOA**, and their co-conspirators would utilize the individuals' stolen credit and debit cards, and credit and debit card information, to withdraw money from ATMs throughout Bogota, Colombia, purchase goods, and execute transactions on the stolen cards

8. After obtaining the individual's possessions, valuables, and credit and debit card information, **JEFFERSSON ARANGO CASTELLANOS, KENNY JULIETH URIBE CHIRAN,** and **PEDRO JOSE SILVA OCHOA** would drop off the individuals around Bogota, in the process touching, handling, and physically leaving the individuals on the side of the road.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects and purpose thereof, at least one of the co-conspirators committed, and caused to be committed, at least one of the following overt acts, among others:

1. On or about March 5, 2020, **JEFFERSSON ARANGO CASTELLANOS, KENNY JULIETH URIBE CHIRAN,** and **PEDRO JOSE SILVA OCHOA** went to the Zona T area in Bogota, Colombia.

2. On or about March 5, 2020, **JEFFERSSON ARANGO CASTELLANOS** and **KENNY JULIETH URIBE CHIRAN** entered the "Colombian Pub."

3. Between on or about March 5, 2020, and on or about March 6, 2020, **JEFFERSSON ARANGO CASTELLANOS** incapacitated, intoxicated, and otherwise rendered defenseless L.G. and E.L. by placing a drug in their drinks.

4. On or about March 6, 2020, **JEFFERSSON ARANGO CASTELLANOS** and **KENNY JULIETH URIBE CHIRAN** escorted L.G. and E.L. out of the "Colombian Pub."

5. Outside the "Colombian Pub," with L.G. incapacitated, intoxicated, and having been rendered defenseless through the administration of drugs, **KENNY JULIETH URIBE CHIRAN** touched, held, handled, and walked with L.G.

6. On or about March 6, 2020, **JEFFERSSON ARANGO CASTELLANOS** and **KENNY JULIETH URIBE CHIRAN** escorted L.G. and E.L into a car driven by **PEDRO JOSE SILVA OCHOA**.

7. On or about March 6, 2020, with L.G. incapacitated, intoxicated, and having been rendered defenseless through the administration of drugs, **JEFFERSSON ARANGO CASTELLANOS** touched, held, picked up, and escorted L.G. onto a sidewalk, leaving him on the side of the road.

All in violation of Title 18, United States Code, Section 371.

## COUNT 5
### Assaulting an Internationally Protected Person
### 18 U.S.C. § 112(a)

1. Paragraphs 1 and 2 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. Beginning on or about March 5, 2020, through on or about March 6, 2020, in Bogota, Colombia, the defendants,

**JEFFERSSON ARANGO CASTELLANOS,**
**a/k/a "HARRY POTTER,"**
**KENNY JULIETH URIBE CHIRAN, and**
**PEDRO JOSE SILVA OCHOA,**
**a/k/a "TATA,"**

did knowingly assault an internationally protected person, as defined in Title 18, United States Code, Section 1116(b), that is, L.G., in violation of Title 18, United States Code, Section 112(a).

# COUNT 6
## Assaulting an Internationally Protected Person
## 18 U.S.C. § 112(a)

1. Paragraphs 1 and 2 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. Beginning on or about March 5, 2020, through on or about March 6, 2020, in Bogota, Colombia, the defendants,

**JEFFERSSON ARANGO CASTELLANOS,**
a/k/a "HARRY POTTER,"
**KENNY JULIETH URIBE CHIRAN, and**
**PEDRO JOSE SILVA OCHOA,**
a/k/a "TATA,"

did knowingly assault an internationally protected person, as defined in Title 18, United States Code, Section 1116(b), that is, E.L., in violation of Title 18, United States Code, Section 112(a).

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **JEFFERSSON ARANGO CASTELLANOS, KENNY JULIETH URIBE CHIRAN,** and **PEDRO JOSE SILVA OCHOA**, have an interest.

2. Upon conviction of a violation of, or conspiracy to violate, Title 18, United States Code, Section 1201, as alleged in this Indictment, the defendant shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461.

A TRUE BILL

_____
FOREPERSON

For

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
DAYRON SILVERIO
ASSISTANT UNITED STATES ATTORNEY

KENNETH A. POLITE
ASSISTANT ATTORNEY GENERAL
UNITED STATES DEPARTMENT OF JUSTICE
CRIMINAL DIVISION

_____
CLAYTON O'CONNOR
TRIAL ATTORNEY
HUMAN RIGHTS AND SPECIAL PROSECUTIONS SECTION

_____
ELIZABETH NIELSEN
TRIAL ATTORNEY
HUMAN RIGHTS AND SPECIAL PROSECUTIONS SECTION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

JEFFERSSON ARANGO
CASTELLANOS, et al.
_____/

CASE NO.: _____

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☒ Miami  ☐ Key West  ☐ FTP
☐ FTL    ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish

4. This case will take __5__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)
   I   ☒ 0 to 5 days                    ☐ Petty
   II  ☐ 6 to 10 days                   ☐ Minor
   III ☐ 11 to 20 days                  ☐ Misdemeanor
   IV  ☐ 21 to 60 days                  ☐ Felony
   V   ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Magistrate Case No. 21-mj-02203
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
Dayron Silverio
Assistant United States Attorney
FL Bar No.    112174

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **JEFFERSSON ARANGO CASTELLANOS, a/k/a "HARRY POTTER"**

Case No: _____

Count #: 1

Conspiracy to Kidnap an Internationally Protected Person

Title 18, United States Code, Sections 1201(c) and 1201(a)(4)
* Max. Term of Imprisonment: Life
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 5 years
* Max. Fine: $250,000

Counts ##: 2 – 3

Kidnapping an Internationally Protected Person

Title 18, United States Code, Section 1201(a)(4)
* Max. Term of Imprisonment: Life
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 5 years
* Max. Fine: $250,000

Count #: 4

Conspiracy to Assault an Internationally Protected Person

Title 18, United States Code, Sections 371 and 112(a)

* Max. Term of Imprisonment: 5 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: <u>JEFFERSSON ARANGO CASTELLANOS, a/k/a "HARRY POTTER"</u>

**Case No**: _____

Counts ##: 5 – 6

<u>Assaulting an Internationally Protected Person</u>

<u>Title 18, United States Code, Section 112(a)</u>
* Max. Term of Imprisonment: 10 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

**\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** <u>KENNY JULIETH URIBE CHIRAN</u>

**Case No:** _____

Count #: 1

<u>Conspiracy to Kidnap an Internationally Protected Person</u>

<u>Title 18, United States Code, Sections 1201(c) and 1201(a)(4)</u>
* Max. Term of Imprisonment: Life
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 5 years
* Max. Fine: $250,000

Counts ##: 2 – 3

<u>Kidnapping an Internationally Protected Person</u>

<u>Title 18, United States Code, Section 1201(a)(4)</u>
* Max. Term of Imprisonment: Life
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 5 years
* Max. Fine: $250,000

Count #: 4

<u>Conspiracy to Assault an Internationally Protected Person</u>

<u>Title 18, United States Code, Sections 371 and 112(a)</u>
* Max. Term of Imprisonment: 5 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** <u>KENNY JULIETH URIBE CHIRAN</u>

**Case No:** _____

Counts ##: 5 – 6

<u>Assaulting an Internationally Protected Person</u>

<u>Title 18, United States Code, Section 112(a)</u>
* Max. Term of Imprisonment: 10 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: <u>PEDRO JOSE SILVA OCHOA, a/k/a "TATA"</u>

Case No: _____

Count #: 1

<u>Conspiracy to Kidnap an Internationally Protected Person</u>

<u>Title 18, United States Code, Sections 1201(c) and 1201(a)(4)</u>
* Max. Term of Imprisonment: Life
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 5 years
* Max. Fine: $250,000

Counts ##: 2 – 3

<u>Kidnapping an Internationally Protected Person</u>

<u>Title 18, United States Code, Section 1201(a)(4)</u>
* Max. Term of Imprisonment: Life
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 5 years
* Max. Fine: $250,000

Count #: 4

<u>Conspiracy to Assault an Internationally Protected Person</u>

<u>Title 18, United States Code, Sections 371 and 112(a)</u>

* Max. Term of Imprisonment: 5 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name: <u>PEDRO JOSE SILVA OCHOA, a/k/a "TATA"</u>**

**Case No:** _____

Counts ##: 5 – 6

<u>Assaulting an Internationally Protected Person</u>

<u>Title 18, United States Code, Section 112(a)</u>
* Max. Term of Imprisonment: 10 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.