**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:23-cr-20173-KMM

UNITED STATES OF AMERICA,

v.

JEFFERSSON ARANGO
CASTELLANOS,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

    **THIS CAUSE** was before the Court following an Order of Referral to conduct a proceeding for acceptance of a guilty plea by Defendant Jeffersson Arango Castellanos in this case.

    The change of plea for Defendant was initially scheduled for October 13, 2023. Based upon the record before the undersigned at that scheduled change of plea, the undersigned found that there was reasonable cause to believe that the defendant may presently be suffering, or recently have suffered, from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him. The record evidence at the time of the change of plea raised a "bona fide doubt" regarding defendant's competence to enter a guilty plea. *See United States v. Jackson*, 815 F. App'x 398, 402 (11th Cir. 2020).

    The hearing was continued to provide the Parties an additional opportunity to supplement the record with current evidence of Defendant's competence to understand the nature and

consequences of the proceedings against him. The undersigned notes that Defendant seemed alert, responsive, and attentive at that hearing. Defendant expressed appreciation at the hearing for the Court's consideration of his mental competency.

Thereafter the Parties supplemented the record with (ECF No. 41, filed under seal) and at a status conference conducted on January 5, 2024, defense counsel reiterated Defendant's desire to change his plea, and a hearing was set for that purpose.

Based upon the change of plea hearing conducted on January 26, 2024, the undersigned makes the following findings, and recommends that the guilty plea be accepted.

1. This Court advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Referral from the District Court. This Court further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. This Court advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, Defendant's attorney, and the Assistant United States Attorney all consented on the record to this Court conducting the change of plea hearing.

2. This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Federal Rule of Criminal Procedure 11.

3. Defendant pled guilty to Count 1 of the Indictment, which charges him with conspiracy to kidnap an internationally protected person, in violation of 18 U.S.C. § 1201(c); Counts 2 and 3, which charge him with kidnapping an internationally protected person, in violation of 18 U.S.C. § 1201(a)(4); Count 4, which charges him with conspiracy to assault an

internationally protected person, in violation of 18 U.S.C. §§ 371 and 112(a); Counts 5 and 6, which charge him with assaulting an internationally protected person, in violation of 18 U.S.C. § 112(a). The Court advised Defendant that the maximum sentence that may be imposed as to Counts 1, 2, and 3, per count, is a sentence of life imprisonment,[1] followed by a term of supervised release of up to five years; on Count 4, the maximum sentence that may be imposed is a sentence of five years imprisonment, followed by a term of supervised release of up to three years; and on Counts 5 and 6, the maximum sentence that may be imposed is a sentence of ten years imprisonment, followed by a term of supervised release of up to three years. I further advised the Defendant that the Court may impose a fine of up to $250,000.00, per count; and a mandatory special assessment of $100.00, per count, which is due to be paid at the time of sentencing. Defendant was also advised of the possibility of restitution and forfeiture, and the potential for immigration consequences including deportation. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case.

4. To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crimes to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crime charged.

5. Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney.

6. Based upon all of the foregoing and the plea colloquy conducted by this Court, the

---

[1] The Parties advised the Court at the change of plea hearing that, although Counts 1–3 allow for a statutory maximum sentence of life imprisonment, conditions imposed by the Government of Colombia when approving Defendant's extradition preclude a penalty of life in prison.

undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

7. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Counts 1–6 of the Indictment filed in this case, and that Defendant be adjudicated guilty of the offenses therein.

8. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The undersigned recommends that a sentencing hearing be set by separate order.

The Parties will have **FOURTEEN (14) CALENDAR DAYS** from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the Parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 26th day of January, 2024.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable K. Michael Moore
Counsel of Record